United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-61152
Summary Calendar

_____

BORIS O. MEDINA-HERRERA,

Petitioner,

versus

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

---

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A29 331 428

---

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Boris O. Medina-Herrera brings this petition for review, challenging the Board of Immigration Appeals's ("BIA's") dismissal of his appeal from an immigration judge's February 23, 2004, order denying reopening and reconsideration. Because we conclude that the BIA did not engage in impermissible fact finding, and that Medina-Herrera failed to exercise due diligence in preserving his rights, his petition is **DENIED.**

**BACKGROUND**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Medina-Herrera is a native and citizen of Guatemala who entered the United States as a nonimmigrant with permission to remain until April 5, 1990. He did not depart as required, and an immigration judge ultimately ordered him deported following a hearing conducted in absentia on October 30, 1990.

On September 11, 1998, Medina-Herrera filed a motion to reopen pursuant to § 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). On December 17, 1999, an immigration judge denied Medina-Herrera's motion.

On February 5, 2004, Medina-Herrera again moved to have his case reopened and reconsidered. He argued that he had received ineffective assistance of counsel in preparing his application for NACARA relief, and that as a result, the statute of limitations to file a motion to reopen should have been equitably tolled. The immigration judge held that ineffective assistance of counsel did not provide a basis for equitable tolling, and denied Medina-Herrera's motion as untimely on February 23, 2004. Medina-Herrera appealed to the BIA.

The BIA then dismissed Medina-Herrera's appeal on November 18, 2004, holding that Medina-Herrera had failed to establish that he was entitled to equitable tolling. The BIA concluded that even if his counsel rendered ineffective assistance, Medina-Herrera had not exercised due diligence in seeking reconsideration of the immigration judge's decision. Medina-

Herrera filed a timely petition for review, and this court has jurisdiction.

## DISCUSSION

On a petition for review of a BIA decision, we review the BIA's rulings of law de novo. <u>Lopez-Gomez v. Ashcroft</u>, 263 F.3d 442, 444 (5th Cir. 2001). We review the BIA's findings of fact for substantial evidence. <u>Tesfamichael v. Gonzales</u>, 411 F.3d 169, 175 (5th Cir. 2005).

Medina-Herrera argues that the BIA violated its own regulations in determining that he failed to exercise due diligence in seeking reconsideration. On an appeal from the decision of an immigration judge, the BIA may review "questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo." 8 C.F.R. § 1003.1(d)(3)(ii). However, 8 C.F.R. § 1003.1(d)(3)(iv) states that the BIA "will not engage in factfinding in the course of deciding appeals." Medina-Herrera claims that the BIA engaged in improper factfinding in making its determination that he did not exercise due diligence over his claim. Respondent claims that such a determination was a conclusion of law.

As a general matter, courts have treated the determination whether a party has exercised due diligence for the purposes of equitable tolling as a finding of fact. <u>See</u> <u>Migis v. Pearle Vision, Inc.</u>, 135 F.3d 1041, 1045 (5th Cir. 1998)(discussing

3

reasonable diligence in the context of a Title VII claim). However, in certain limited circumstances, other circuit courts have recognized that the issue of whether a party exercised due diligence may be a conclusion of law. See, e.g., Borges v. Gonzales, 402 F.3d 398, 407 (3d Cir. 2005) (due diligence found as a matter of law where facts were undisputed and record permitted only one conclusion); Former Employees of Sonoco Prods. Co. v. Chao, 372 F.3d 1291, 1295 (Fed. Cir. 2004)(same); Iavorski v. INS, 232 F.2d 124, 134 (2d Cir. 2000) (holding in first instance that an alien seeking to reopen his case failed to exercise due diligence and was not entitled to equitable tolling "as a matter of law" where facts were undisputed). We agree with the reasoning of the aforementioned cases and conclude that where the facts on the record are undisputed, and the result is inarguable, the BIA may determine as a matter of law that a party failed to exercise due diligence.

Even accepting Medina-Herrera's claims of ineffective counsel as true, there is no disputing that he took more than four years to bring a motion to reopen his case. In a formal bar complaint he brought against his former counsel, Medina-Herrera acknowledged that it "seemed odd" that he had not received communication from his attorney in years. Still, Medina-Herrera failed to take any action on his case. These undisputed facts lead only to the conclusion that Medina-Herrera failed to exercise due diligence; the BIA made a permissible legal determination within

4

the scope of its authority in dismissing Medina-Herrera's appeal. We agree with the Board's holding, and Medina-Herrera's petition for review is therefore **DENIED**.